## POTTS v. PARK INS. CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

Judges of the 1st Dist., sitting.

Dustin, McKeehan, Merrick, Arter & Stewart, Cleveland, for Potts.

Thompson, Hine & Flory, Cleveland, for Park Inv. Co.

**480. EVIDENCE—708 Leases—297 Contracts.**

1. Parol evidence properly excluded where petition alleged contract in writing.

2. Evidence of failure to deny, not admissible, where such failure, if any, was admission of conclusion of law.

3. Construction of correspondence, as to whether contract was formed thereby, held question for court.

4. Correspondence held to show that minds of parties did not meet so as to create valid contract.

MILLS, J.

1. In action for damages for tenant's breach of contract to execute a lease, evidence that tenant orally agreed to execute the lease, held properly excluded where petition alleged that contract was in writing.

2. In action for damages for tenant's breach of contract to execute lease, court's refusal to permit plaintiff to introduce testimony of an officer of plaintiff corporation to the effect that he had told defendant that defendant was already bound on lease by letters which parties had exchanged and that defendant did not deny this, held proper, since, if defendant's failure to deny correctness of assertion was an admission, it was an admission of a conclusion of law.

3. In action for breach of contract to execute a lease in which letters of the parties to each other were introduced, construction of such correspondence as to whether contract was formed thereby was for court; there being no dispute as to fact that the correspondence had been exchanged.

4. Where letter of tenant, instead of agreeing to accept lease of apartment occupied by him, contained a counter proposition to lease such apartment with an option to vacate it at any time for exchange of other apartments, provided one of them became vacant, which condition was never met by landlord and was rejected by it in a subsequent letter, held, that

minds of parties never met so as to create valid contract of lease; landlord's subsequent assertions that tenant was liable under principle of holding-over being immaterial.

(Hamilton, PJ., and Cushing, J., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.